Jacob Martin, The Mississippi Valley Stove Co., J. W. Broadhead, President, A. L. Van Osdel, Secretary, and J. W. Broadhead, Alice Broadhead, Edmund Jackson, A. L. Van Osdel, H. C. Heller, Elisha Lockheart, and Jacob Martin, Directors of the said Company, v. The Ohio Stove Company.

1. CORPORATIONS—*Foreign, How Governed When Acting in this State.*—Foreign corporations, when acting in this State, are subject to the same restrictions and duties as domestic corporations.

2. SAME—*Can Not Become Stockholders.*—A corporation can not become a stockholder in another corporation, especially when the object to be attained is the control of the latter.

3. SAME—*Can Not Become an Incorporator.*—In the absence of express statutory authority a corporation can not become an incorporator by subscribing for shares of a new corporation; neither can it do so indirectly, through persons acting as its agents or tools.

**Bill for Relief.**—Trial in the Circuit Court of Whiteside County; the Hon. JOHN C. GARVER, Judge, presiding. Hearing and decree for defendant; error by complainant. Heard in this court at the May term, 1898. Reversed and remanded. Opinion filed September 26, 1898.

C. C. McMAHON, attorney for plaintiff in error.

H. C. WARD, attorney for defendant in error.

MR. JUSTICE WRIGHT delivered the opinion of the court.

Jacob Martin, the plaintiff in error, and four other persons, who together constituted the board of directors of the defendant in error, the Ohio Stove Company, a corporation organized under the laws of the State of Ohio, and doing business at Tiffin, in that State, entered into a written contract, apparently in their individual capacity, with several citizens of Fulton, Illinois, by which the former agreed to organize a corporation under the laws of Illinois, with its principal office at the latter place, to be named the Ohio Stove Company, or some other suitable name, with a capital stock of $90,000, to erect a manufacturing plant upon the land to be procured by the Fulton citizens, for the purpose of manufacturing stoves and other metal products, and as an inducement thereto, in addition to the site, the citizens agreed to pay a bonus of $30,000 and subscribe for 200 shares of $100 each of the stock of the new corporation. The corporation was duly organized by the name of the Mississippi Valley Stove Company, and the site and bonus acceptably produced or secured. Martin and his four associates each subscribed 140 shares of the capital stock, and Charles C. McMahon subscribed for the citizens the remaining 200 shares, which latter, by a subsequent contract, was released, and the capital stock of the company reduced to $70,000. Martin and his four associates, in addition to being the directors, were the sole stockholders of the Ohio corporation, each owning $5,000 of its total capital stock of $25,000. The present bill was filed by the Ohio Stove Company, by which it claims the contract so entered into with the citizens of Fulton, by the persons constituting its board of directors, was in fact its contract, and was so intended at the time it was made, and that it was entitled to the stock certificates. It is averred in the bill that no payments on account of stock were made other than the contribution of the citizens, and machinery and money supplied by the Ohio Stove Company; that the Illinois cor-

poration was by the Ohio corporation sold to J. W. Broadhead and others, and in order to complete a legal transfer it was necessary to have certificates of the shares of stock issued to the subscribers thereto, such certificates then to be assigned to the purchasers; that Martin, claiming to own individually the 140 shares subscribed by him, refused to transfer his certificate, and for that reason it was not issued, whereupon he filed a petition for a mandamus to compel such issue. The bill prays the certificates to be decreed to issue to the Ohio company and for a perpetual injunction against the proceedings for mandamus. All defendants were defaulted except Martin, who answered, denying the material averments of the bill, and claiming the stock as his own. On the hearing the chancellor decreed in accordance with the prayer of the bill, to reverse which this writ of error is prosecuted.

It is insisted in support of the decree that the investment made in the Illinois corporation was wholly of the actual or procured means of the Ohio corporation; and that the value of the 140 shares of stock is a part of its assets and required by it to discharge its debts, and if anything should remain after such debts are satisfied, then and only then could Martin, who is said to be insolvent and a debtor to the corporation, have any legal or equitable claim thereto. Conceding all this to be true we do not perceive how it can avail to support the present proceeding, which is not a bill to settle the affairs of the Ohio corporation and close its business, nor a creditor's bill against plaintiff in error. If it be true that the property of the Ohio corporation wholly created the Illinois corporation, plaintiff in error, as a shareholder in the former, was entitled to a one-fifth share of any dividends it might declare; and we can not presume it was the intention of the directors of that company, and if it was, the law would not permit them to do more than invest in another corporation that which it might pay to its individual shareholders as dividends, or a refunding of their *pro·rata* shares of a reduction of stock, if such was made, and then only in their names and for their benefit. If such

action of the corporation, by the unanimous consent of the shareholders, should injuriously affect creditors, no doubt it might be successfully assailed by such creditors in an appropriate form; but it is difficult to find any principle upon which to ground the right of the corporation to do so, unless moved thereto by a non-consenting stockholder. Moreover, foreign corporations when acting in this State, are subject to the same restrictions and duties as domestic corporations. Bishop v. American Preservers' Co., 157 Ill. 313. A corporation can not become a stockholder in another corporation, especially when the object to be attained is the control of the latter. In the absence of express statutory authority it can not become an incorporator by subscribing for shares of a new corporation, and it can not do this indirectly through persons acting as its agents or tools. People ex rel. v. Chicago Gas Trust Co., 130 Ill. 268, and cases cited.

Here the contracts executed by the persons composing the board of directors of the Ohio corporation purport to be their individual undertaking, and do not profess to be for the Ohio Stove Company. If the contracts were executed as they appear, and were so intended, it will not be contended there is equity in the present bill. If the transaction was as claimed by the Ohio Stove Company in the bill filed by it, and as found by the decree, then it intended to own and control the new corporation, which by the law above referred to it is prohibited from doing. Had the facts as now claimed by defendant in error appeared to the Secretary of State in the report of the commissioners appointed by him, it would have been the duty of that officer to have refused the certificate of incorporation. To permit the corporation by its directors to make the subscriptions in the individual names of the latter, thereby giving a semblance of compliance with the statute sufficient to secure the issuance of a certificate of incorporation, as was done in this case, and then by proceedings like the present, instituted by a person *in pari delicto*, compel the stockholders to transfer their shares to the corporation

itself, would be to permit a person to take advantage of his own wrong to perpetuate a fraud upon the law, and to use a court of equity to aid in evading the law and setting it at naught. We can not believe courts of equity can be rightfully sought for such purposes, and the decree of the Circuit Court will be reversed and the cause remanded with directions to dissolve the injunction and dismiss the bill for want of equity. Reversed and remanded.